**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:21-cr-41-HAB-SLC |
| | ) | |
| SCOTT E. DAVIDSON | ) | |
| | ) | |
| Defendant. | ) | |

**ARRAIGNMENT ORDER**
(Judge Brady)

On June 15, 2021, Scott E. Davidson appeared before Susan Collins, United States Magistrate Judge, for Arraignment. A three (3) day **jury trial** in the above-named cause will be set **before the Honorable Holly A. Brady, United States District Court Judge,** by separate order.

**DISCOVERY**

Within **fourteen days after the date of this Order**, the attorney for the United States and the Defendant's attorney shall confer and, upon written request, the government must permit the Defendant's attorney to inspect or copy any of the following that is in the possession, custody, or control of the government:

1. Any written or recorded statements or confessions made by the Defendant, or copies thereof;

2. Any relevant results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the case, or copies thereof;

3. Any relevant recorded testimony of the Defendant before the grand jury;

4. Any books, papers, documents, tangible objects, buildings, or places as provided in Rule 16(a)(1)(E);

5. The Federal Bureau of Investigation Identification Sheet indicating the Defendant's prior criminal record; and

6. Any exculpatory or mitigating evidence.

The government must be permitted any reciprocal disclosure provided in Fed. R. Crim. P. 16 which is in the possession, custody, or control of the Defendant or his attorney.

If any party declines upon request to provide the above discovery, the declination must be in writing and specify the reasons disclosure is declined.

In the event the Defendant moves for additional discovery or inspection, the Defendant's motion shall be filed within the time set for pretrial motions and shall contain:

1. A statement that a discovery conference was held and the date;

2. The name of the government's attorney with whom the conference was held; and

3. A statement that agreement could not be reached concerning the discovery matters which are the subject of the motion.

## PRETRIAL MOTIONS

**All pretrial motions specified in Fed. R. Crim. P. 12(b)**, including, but not limited to:

1. motion for a bill of particulars or more definite statement;

2. motion to strike any portion of the indictment;

3. motion to dismiss the indictment or any portion thereof;

4. motion to suppress evidence;

5. motion for discovery; and

6. motion for severance

must be **filed within twenty-eight days** after the date of arraignment. The government **MUST** file a written response within **fourteen days** thereafter.

**Any** other pretrial motions by either the Defendant or the government, including but not limited to **motions in limine, shall be filed no later than the date of the Final Pretrial Conference.** The Court will establish an expedited briefing schedule for such motions at the Final Pretrial Conference. Any motion filed after the date of the Final Pretrial Conference will be summarily denied unless the memorandum in support of the motion establishes **good cause** why the motion could not have been timely filed.

## **FINAL PRETRIAL CONFERENCE**

By separate order, this matter will be set for a **Final Pretrial Conference** pursuant to Fed. R. Crim. P. 17.1. Before the Final Pretrial Conference, the parties and counsel shall confer and, to the extent possible, agree upon a complete set of jury instructions with authorities.

**At the Final Pretrial Conference, the parties are to file**:

1. A complete set of proposed final jury instructions with authorities upon which they agree, pursuant to Local Criminal Rule 30-1, and a separate set of proposed jury instructions upon which they disagree; and

2. Any motions in limine.

**At the Final Pretrial Conference**, **the parties will discuss**:

1. The expected length of trial;

2. The status of any pending motions or any anticipated motions;

3. Stipulations of fact;

4. The identification and admissibility of exhibits;

5. The status of discovery; and

6. Any anticipated legal or evidentiary issues.

Motions for continuance of the Final Pretrial Conference or Trial should be filed in accordance with Local Criminal Rule 47-1.

Entry Date: June 15, 2021

S/Susan Collins
Susan Collins
United States Magistrate Judge
