UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CR-41 |
| | ) | |
| SCOTT E. DAVIDSON | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by Clifford D. Johnson, United States Attorney for the Northern District of Indiana, Brent Ecenbarger, Assistant United States Attorney, the defendant, Scott E. Davidson, and Michelle F. Kraus, as attorney for the defendant, and show the Court they have entered into a Plea Agreement as follows:

1. I, Scott E. Davidson, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe

1

and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

  4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

  5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

      c.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

      d.      At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

      e.      At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

      f.      At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

      g.      In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.      I understand, that if I plead guilty, I waive the right to trial by jury and all of the other rights mentioned above.

7.      I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of

3

the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

    8.    Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a.    I will plead guilty to Count 1 of the Indictment charging me with possessing with intent to distribute a controlled substance, including 5 grams or more of methamphetamine, a Schedule II Controlled Substance, because I am in fact guilty of this offense.

    b.    I understand that the maximum possible penalties that may be imposed upon me for my conviction of the offense charged in Count 1 is as follows: imprisonment of not less than 5 years and not more than 40 years, a fine of not more than $5 million, or both such fine and imprisonment, a supervised release term of at least 4 years, forfeiture of any items later specified in a bill of particulars, and a $100 special assessment.

    c.    The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

    i.    In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point reduction and, if eligible, an additional one point reduction in offense level for acceptance of

        responsibility: however, the government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances.

   ii.    The United States of America recommends that the Court should impose a sentence upon me equal to the minimum of the applicable guidelines range.

   iii.    The United States and I agree to the following for purposes of applying the United States Sentencing Guidelines: pursuant to the Drug Quantity Table in U.S.S.G. §2D1.1, that the amount of controlled substances involved in my offense of conviction including relevant conduct was at least 50 grams but less than 150 grams of methamphetamine (actual).

  d.    The government, pursuant to Federal Rules of Criminal Procedure 11 (c)(1)(A), will dismiss Count 2 of the Indictment at the time of sentencing. With respect to the dismissal of Count 2, this Plea Agreement is of the type described in Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. I understand that if the Court, after having received a Presentence Investigation Report from the Probation Office, is unable to accept the Government's dismissal of Count 2 of the Indictment then I will be permitted to withdraw my plea of guilty and the Court will reinstate a plea of not guilty.

  e.    I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly

5

       waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

    f.    I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

    g.    I acknowledge that I could have a prior conviction for a serious drug felony and that the government could have filed an enhancement listing a possible qualifying conviction under 21 U.S.C. § 851. The government agrees not to file an enhancement information pursuant to 21 U.S.C. § 851.

9. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of Count 1 in the Indictment to which I have agreed to plead guilty.

10. I understand that if I violate any of the provisions of this Plea Agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made

by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire Plea Agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

13. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

          Respectfully submitted,

          CLIFFORD D. JOHNSON
          UNITED STATES ATTORNEY

          /s/ Brent A. Ecenbarger
By:  Brent A. Ecenbarger
      Assistant United States Attorney
      E. Ross Adair Federal Bldg.
      & U.S. Courthouse
      1300 S. Harrison Street, Room 3128
      Fort Wayne, IN 46802-3489
      Telephone: (260) 422-2595
      Facsimile:  (260) 426-1616
      E-mail Address:
      brent.ecenbarger@usdoj.gov

          /s/ Scott E. Davidson
Scott E. Davidson
Defendant

          /s/ Michelle F. Kraus
Michelle F. Kraus
Attorney for Defendant