UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:21-CR-0041-HAB |
| | ) | |
| SCOTT E. DAVIDSON | ) | |

**NOTICE OF COURT'S PROPOSED CONDITIONS OF SUPERVISED RELEASE**

The Defendant, Scott E. Davidson, has pled guilty to possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Sentencing courts in this Circuit must give advance notice of proposed conditions of supervised release or probation. *United States v. Bryant*, 754 F.3d 443, 446–47 (7th Cir. 2014); *United States v. Scott*, 316 F.3d 733, 735 (7th Cir. 2003). The Court has reviewed Part F of the Final Presentence Investigation Report (PSR), in which the United States Probation Office recommends certain conditions for this Defendant. Accordingly, the Court now makes the following findings and proposes the following conditions:

**The Court proposes the following conditions, as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Court proposes the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

7. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for United States Probation and Pretrial Services (http://www.innp.uscourts.gov/files/inncountymapjpg).

8. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

9. The Defendant shall answer inquiries by a probation officer pertaining to the Defendant's supervision and notify the probation officer within 72 hours of any change of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

10. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a police officer.

*The Court proposes these administrative conditions because supervision cannot succeed if the probation officer does not know where to find the Defendant or cannot communicate with him. The reports and notification will help the probation officer provide correctional services.*

    11.    The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

*Home visits give a probation officer the ability to monitor and provide services to an offender. This condition is intended to help the Defendant, and protect the public if the Defendant is found to be violating conditions of release.*

    12.    The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, child care, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the defendant for employment at a lawful occupation.

    13.    The Defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the Defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

*The Defendant has employable skill although was not employed at the time of his offense (PSR ¶¶ 112-113). Postconviction risk assessment research indicates that regular gainful employment reduces the risk of recidivism and promotes pro-social relationships that are conducive to a law-*

*abiding lifestyle. This condition is imposed to provide the Defendant rehabilitation and to reduce the risk of recidivism.*

    14.    The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

*This condition is in accordance with federal law prohibiting possession of firearms and ammunition by a convicted felon. This condition is also proposed to protect probation officers against bodily harm during the supervision of the Defendant.*

    15.    Within the first year of supervision, the Defendant shall participate in a High School Equivalency (HSE) Preparation Course if not obtained while in the Bureau of Prisons, unless the Defendant has already obtained a high school diploma.

*This condition is intended to provide the Defendant with needed educational training (PSR ¶ 97), but recognizes that the Defendant may have already obtained a high school diploma and will need to provide the Bureau of Prisons with verification of same. A record request to verify same is pending. Condition number 19 applies with respect to any payment for participation in the program.*

**The Court proposes the following discretionary conditions in consideration of U.S.S.G. § 5D1.3:**

    16.    The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

*This condition is proposed to deter and protect the Defendant from involvement leading to possible criminal activity, and to protect probation officers against bodily harm during the supervision of the Defendant.*

17. The Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary, after evaluation at the time of release.

18. The Defendant shall pay all or part of the costs for participation in the above programs not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the Defendant is financially capable of paying. Failure to pay due to financial inability shall not be grounds for revocation.

*These conditions are intended to provide the Defendant with treatment, if necessary, in light of his history of substance abuse (PSR ¶ 108-110). Because payment for participation in the programs is based on the Defendant's ability to pay, and failure to pay is not grounds for revocation unless the failure is willful, the condition does not involve a greater deprivation of liberty than is reasonably necessary to achieve the goals of deterrence and rehabilitation.*

19. If a fine is imposed and has not been paid upon release to supervised release, the Defendant shall adhere to an installment schedule to pay that fine (see 18 U.S.C. § 3624(e)).

*A Defendant's default on the payment of a fine may result in revocation and penalties being ordered under 18 U.S.C. § 3613A.*

**Additionally, the Court makes the following findings, recommendations, and orders:**

Recommendations for placement and programs within the Bureau of Prisons will be made at the time of sentencing.

Objections to the proposed conditions of supervised release may be made before or at the time of the sentencing hearing. A continuance of the sentencing hearing will be granted if one is necessary to resolve objections.

The Defendant is advised that, pursuant to 18 U.S.C. § 3583(e)(2), the non-mandatory conditions of supervision are subject to modification where appropriate even after they are imposed as part of the sentence. Modification may be requested in light of any changed circumstances, and may be requested by the Defendant or the probation officer upon written request. A request for a modification may require a hearing before the Court.

ENTERED on September 26, 2022.

                                                   s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT