UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CR-41 |
| | ) | |
| SCOTT E. DAVIDSON | ) | |

SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Brent A. Ecenbarger, Assistant United States Attorney for the Northern District of Indiana, and files its Sentencing Memorandum. For the reasons set forth below, the government requests this Court sentence the defendant, Scott E. Davidson to the low end of the applicable guideline range.

I.    **The Offenses**

Davidson has pleaded guilty to one count of the Indictment pending against him, charging him with two counts of possession with intent to distribute 5 grams or more of methamphetamine. These charges arose from traffic stops occurring on November 17, 2020 and January 30, 2021.

Auburn police initiated a traffic stop of Davidson's vehicle based on a turn signal infraction on November 17, 2020. During the stop, officers located three plastic bags with methamphetamine and additional items associated

1

with drug trafficking. Davidson agreed to be interviewed and admitted to using methamphetamine and distributing some of the methamphetamine earlier that day to other individuals. The purchased item was subsequently lab tested and returned positive for methamphetamine with a net weight of 19.99 grams.

A second traffic stop took place by Garrett Police on January 30, 2021, based on law enforcement observing Davidson's daughter, who had an active arrest warrant, inside of his vehicle. During the stop, a canine alerted for the presence of drugs and a subsequent search revealed a bag of methamphetamine as well as plastic baggies, a black digital scale and clear smoking device. Davidson again spoke to law enforcement, claiming ownership of the narcotics and having used some of the drugs. The recovered items were analyzed, revealing a pure substance weight of 43.5 grams with 94% purity.

## II.     Application of the Sentencing Guidelines

The guidelines calculation takes into consideration a reduction of two levels for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines. (PSIR ¶ 41). Additionally, the defendant assisted authorities in the investigation and prosecution of his own misconduct by admitting his criminal involvement to authorities and by timely notifying

authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid unnecessarily preparing for trial and allowing the government to allocate its resources efficiently. *See* U.S.S.G. § 3E1.1(b). The government filed a Notice with the Court indicating that in the view of the United States Attorney's Office, Davidson was eligible for the additional one-point guidelines reduction under § 3E1.1(b). (ECF 47).

### III.   Argument

The Court must sentence the defendant after consideration of the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The government contends that analysis of these factors applied to the defendant's case supports a sentence at the low end of the applicable guidelines range in the Bureau of Prisons ("BOP"). Such a sentence is sufficient, but not greater than necessary, to achieve the Court's sentencing goals.

*A. Nature and Circumstances of the Offense*

As described above, Davidson has pleaded guilty to possessing methamphetamine with intent to distribute.  Davidson engaged in these activities having previously been convicted of two prior offenses related to narcotics trafficking.  As an addict of methamphetamine, Davidson should have been aware of the toll that drug has on its users and his willingness to supply it to others is concerning.

In mitigation, Davidson did cooperate with law enforcement during both of his arrests and was honest in making his admissions. This extended to once he was charged, where Davidson quickly accepted responsibility for his actions by notifying the court and Government of his intention to plead guilty prior to any trial related deadlines.

### B. History and Characteristics of the Offender

Davidson has a lengthy criminal history which garnered nine criminal history points, however due to his classification as a career offender he has been placed in criminal history category VI. Even still, Davidson has additional prior burglary convictions resulting in lengthy terms of imprisonment which did not receive criminal history points under the guidelines. (PSIR ¶¶ 45-49). Davidson's criminal history spans over thirty years, starting when he was 18 years old, and includes driving, property, drug trafficking, and drug use offenses as well as violations of probation on state sentences. It is clear that Davidson has been unable or unwilling to conform his conduct to the law for the entirety of his adult life.

The government does not doubt that the defendant's substance abuse issues are related to his criminal conduct and inability to maintain lawful employment. Other courts have attempted to provide drug testing, counseling, and supervision to address the defendant's issues. (PSIR ¶ 56-69, 79-88) The

defendant has had multiple prior successful stints at the Serenity House in Auburn, showing that it is possible for Davidson to abstain from drug use while being supervised. *Id.*

### C. Seriousness of the Offense and Just Punishment

The defendant's drug trafficking is unquestionably a serious offense, especially given his history of other similar offenses. The guidelines offer a just range of punishment given the defendant's conduct and imposition of a sentence at the low end of the range would be just given that it would be commensurate with sentences imposed upon similarly situated offenders across the country. A sentence at the low end of the guidelines would represent justice in this case and would adequately reflect the seriousness of the offense and promote respect for the law.

### D. Deterrence

Davidson has served other terms of imprisonment for a variety of state charges during the past thirty years. It appears that the longest executed sentence Davidson has served was a ten year sentence of which he served six years in the Indiana Department of Corrections. (PSIR ¶ 56). It is clear that no sentence previously imposed upon Davidson has been successful in deterring the defendant's criminal conduct. A low-end guideline sentence, followed by a period of federal supervised release, may achieve this purpose.

Such a sentence is also likely to provide general deterrence to those who would be inclined to engage in similar conduct.

### E. Protecting the Public

A low end guideline will incapacitate the defendant and prevent him from his drug trafficking activities for several years. A term of supervised release following the term of imprisonment will assist the defendant in transitioning back to the community and will hold him accountable for remaining drug free and finding employment. This period of intensive supervision will also protect the public from future criminal conduct of the defendant.

### F. Provision of Correctional Treatment

It is clear that the defendant has a serious substance abuse problem. A low end guideline sentence will allow the defendant to take advantage of the excellent substance abuse treatment and other rehabilitative programs offered by the BOP. Such treatment of the defendant during his period of incarceration will further protect the public against his commission of new controlled substance-related crimes upon his release from incarceration.

## IV.  Conclusion

Wherefore, based on the foregoing and in consideration of all facts set forth in the presentence report, the applicable sentencing guidelines and the

factors set forth in 18 U.S.C. § 3553(a), the government requests this Court sentence Scott E. Davidson to a term of imprisonment at the low end of the applicable guidelines.

Respectfully submitted,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By:   Brent Ecenbarger
   Assistant United States Attorney
   E. Ross Adair Federal Bldg.
   & U.S. Courthouse
   1300 S. Harrison Street, Room 3128
   Fort Wayne, IN 46802-3489
   Telephone:  (260) 422-2595
   Facsimile:  (260) 426-1616
   E-mail Address:
   Brent.ecenbarger@usdoj.gov