# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>**SCOTT E DAVIDSON**<br><br>　　　　　　Defendant. | **CASE NUMBER: 1:21CR41-001**<br>**USM Number: 48954-509**<br><br>**MICHELLE F KRAUS - FCD**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pled guilty to Count 1 of the Indictment on June 30, 2022.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 21:841(a)(1):  POSSESSION WITH INTENT TO DISTRIBUTE 5 GRAMS OR MORE OF METHAMPHETAMINE | November 17, 2020 | 1 |

The Defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 of the Indictment is DISMISSED on Government motion.

IT IS ORDERED that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in economic circumstances.

January 11, 2023
Date of Imposition of Judgment

s/ Holly A. Brady
Signature of Judge

Holly A. Brady, Judge, U. S. District Court
Name and Title of Judge

January 11, 2023
Date

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **84 MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant serve his term of imprisonment at a federal medical facility closest to Fort Wayne, Indiana to facilitate visitation with family and friends.

2. That the Defendant participate in the Residential Drug Assistance Program (RDAP) or another available program to address his substance abuse issues.

3. That the Defendant be considered for enrollment in any Evidence Based Recidivism Reduction Programs or other programs implemented by the BOP to allow the Defendant to earn early release credits under the First Step Act.

4. That the Defendant participate in residential re-entry programs specific to his needs, as available under the First Step Act.

5. That the Defendant be assessed for participation in the Evidence Based Recidivisim Reduction Program (pursuant to the First Step Act) as well as any recidivism programs developed or to be developed under 34 U.S.C. § 605.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this Judgment.

 

                                              _____
                                                  UNITED STATES MARSHAL

                              By: _____
                                              DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **4 YEARS.**

# CONDITIONS OF SUPERVISED RELEASE

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

7. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for United States Probation and Pretrial Services (http://www.innp.uscourts.gov/files/inncountymapjpg).

8. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

9. The Defendant shall answer inquiries by a probation officer pertaining to the Defendant's supervision and notify the probation officer within 72 hours of any change of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

10. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a police officer.

11. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The

    Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

12. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, child care, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation.

13. The Defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the Defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

14. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

15. Within the first year of supervision, the Defendant shall participate in a High School Equivalency (HSE) Preparation Course if not obtained while in the Bureau of Prisons, unless the Defendant has already obtained a high school diploma.

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5D1.3:**

16. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

17. The Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary, after evaluation at the time of release.

18. The Defendant shall pay all or part of the costs for participation in the above programs not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the Defendant is financially capable of paying. Failure to pay due to financial inability shall not be grounds for revocation.

19. If a fine is imposed and has not been paid upon release to supervised release, the Defendant shall adhere to an installment schedule to pay that fine.

## DIRECTIVE TO PROBATION

Within 72 hours of Defendant's release from prison, the probation officer is to meet with and remind the Defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the Defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of Defendant's placement on supervision so that it may consider any appropriate modifications to the Defendant's supervised release and schedule a hearing on that topic, if necessary. The Defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

## CRIMINAL MONETARY PENALTIES

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

The Court **ORDERS** the Defendant to pay the special assessment of $100.00 to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | NONE | NONE |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.

Defendant: SCOTT E DAVIDSON
Case Number: 1:21CR41-001

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                                              Date


_____    _____
U.S. Probation Officer/Designated Witness          Date