UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 1:21-CR-41-HAB |
| ) | |
| SCOTT E. DAVIDSON ) | |

**OPINION AND ORDER**

Defendant, Scott E. Davidson, moves for reconsideration of this Court's Order that denied his request for compassionate release under 18 U.S.C. 3582(c)(1)(A). (ECF No. 87). The Court denied his request because Defendant did not exhaust his administrative remedies with the Bureau of Prisons ("BOP") before turning to this Court. (ECF No. 86). Indeed, at the time Defendant moved for compassionate release, he had not exhausted his administrative remedies. His Motion for Reconsideration thus should be DENIED.

### I. Factual Background

On November 17, 2020, the Auburn Police Department conducted surveillance on a home after one of the residents informed an officer that Defendant was selling methamphetamine. (ECF No. 52, ¶ 12). Officers observed Defendant leave the house in a gold Ford Taurus. (*Id.*). After rolling through a stop sign and failing to use a turn signal, officers pulled the Taurus over and conducted a traffic stop. (*Id.*). During the stop, a K-9 officer alerted to the presence of narcotics and officers searched Defendant's vehicle. (*Id.* ¶¶ 14-15). Officers found 3 bags of methamphetamine[1], a digital scale, and 16 used plastic baggies. (*Id.* ¶ 15). Officer interviewed Defendant and he admitted to dealing methamphetamine for several months. (*Id.* ¶ 16).

---

[1] Laboratory tests confirmed that the substance was methamphetamine with a net weight of 19.99 grams. (ECF No. 52, ¶ 17).

About two months later, on January 30, 2021, officers pulled over a vehicle driven by Defendant. (*Id.* ¶¶ 18-19). And again, a K-9 officer alerted to the presence of narcotics and officers searched the vehicle. (*Id.* ¶ 20). Officers found methamphetamine[2], a digital scale, and many plastic baggies. (*Id.*). Defendant admitted to possession of the methamphetamine and explained that he received two ounces of the drug from his supplier the night before. (*Id.* ¶ 22).

From these events, Defendant was charged with two counts of possessing with the intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Defendant pleaded guilty to Count 1 pursuant to a plea agreement, and the Court sentenced him to 84 months' imprisonment on January 11, 2023. (ECF Nos. 38, 41, 44, 71).

Defendant moved for compassionate release under 18 U.S.C. 3582(c)(1)(A) on February 22, 2024. (ECF No. 79). The Court denied his motion because he failed to show that he exhausted his administrative remedies before filing in this Court. (ECF No. 86). Defendant now seeks reconsideration of this Court's Order denying his request. (ECF No. 87).

## II.   Legal Standard

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact, or to present newly discovered evidence." *United States v. Shelton*, 2024 WL 495487, at *2 (S.D. Ind. Feb. 8, 2024) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). A manifest error "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). One basis for a motion for reconsideration is where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of*

---

[2] Laboratory tests confirmed that the substance was methamphetamine with a pure substance weight of 43.5 grams. (ECF No. 52, ¶ 22).

*Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* Indeed, "[m]otions to reconsider are not replays of the main event." *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (internal quotation and citation omitted).

Generally, sentences imposed in federal criminal proceedings are final and may not be modified. 18 U.S.C. § 3582(c). Yet 18 U.S.C. § 3582(c)(1)(A) provides a narrow exception to the general prohibition:

> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.* Defendant bears the burden of establishing his entitlement to relief under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

### III. Discussion

Defendant requests reconsideration of this Court's Order denying compassionate release because the Court found that Defendant failed to exhaust his administrative remedies with the BOP before filing his motion. (ECF No. 86). The Government reasserts that Defendant's Motion for Reconsideration should be denied for the same reasons. Indeed, at the time Defendant moved for compassionate release in this Court, he had not exhausted his remedies with the BOP.

"[T]he exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). When the Government raises exhaustion as a defense, a defendant must show that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (collecting cases).

Defendant moved for compassionate release in this Court on February 22, 2024. (ECF No. 79). The Government responded on March 1, 2024, invoking the exhaustion requirement. (ECF No. 84). On March 17, 2022, Defendant requested compassionate release with the Warden at the facility where he is now incarcerated. (ECF No. 87-1). The Warden denied Defendant's request on March 25, 2024, and the Court entered its order denying compassionate release for failing to prove exhaustion on April 30, 2024. (ECF Nos. 86, 87-1).

18 U.S.C. § 3582(c)(1)(A) requires that certain conditions be satisfied *before* a defendant may move for compassionate release. 18 U.S.C. § 3582(c)(1)(A) ("upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…") (emphasis added). Defendant requesting compassionate release with the Warden after filing his initial motion is not the discovery of new facts; it amounts to a procedural flaw. *See United States v. Black*, 2020 WL 5887640, at *2 (N.D. Ind. Oct. 5, 2020) (finding exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is a claim-processing rule, which mandates "that parties take certain

procedural steps at specified times") (internal citation omitted); *see also United States v. Armour*, 2024 WL 2291481 (S.D. Ind. May 20, 2024), (court sua sponte denied motion for reconsideration when the defendant "petitioned" warden for compassionate release after filing his motion with the court).

Although Defendant filed the instant Motion for Reconsideration over thirty days after the Warden received his request for compassionate release, that does not save his previous motion for compassionate release with this Court. From the parties' submissions, Defendant did not make his request with the Warden until *after* he moved for compassionate release in this forum. Defendant has not met his burden to show that the Court's exhaustion analysis contained manifest errors of law or fact. *See CBI Indus., Inc.*, 90 F.3d at 1269. The Court thus will not reconsider its prior, valid ruling. At the time Defendant moved for compassionate release, he had not exhausted his administrative remedies.

**Conclusion**

For these reasons, Defendant's Motion for Reconsideration (ECF No. 87) is DENIED.

SO ORDERED on August 22, 2024.

                                              s/ *Holly A. Brady*
                                              CHIEF JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT